**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEPHEN LOEBER (#87251)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN STEVE RADER** | **NO. 08-0346-FJP-DLD** |

### <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 31, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**STEPHEN LOEBER (#87251)**               **CIVIL ACTION**

**VERSUS**

**WARDEN STEVE RADER**                    **NO. 08-0346-FJP-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on remand from the United States Court of Appeals for the Fifth Circuit. In the Order of Remand, rec.doc.no. 24, the appellate court directs this court to make a final appealable determination regarding whether the petitioner timely filed his notice of appeal in this case. Specifically, the appellate court concluded that, "the final day for filing a timely notice of appeal was June 16, 2010," and inasmuch as the petitioner's notice of appeal was dated June 16, 2010, he was required to have deposited his notice of appeal into the prison's internal mail system on or before that date.

By Order dated August 16, 2010, rec.doc.no. 25, the Court directed the petitioner to appear, in writing, and inform the Court, under penalty of perjury, whether he placed his notice of appeal into the prison's internal mail system on or before June 16, 2010. In addition, the Court directed the petitioner to provide to the Court copies of any and all documentary evidence in his possession or obtainable from prison officials to corroborate or support his assertions in this regard. The petitioner has now responded to the Court's directive. See rec.doc.no. 26.

In his response, the petitioner asserts that he placed his notice of appeal into the prison's internal mail system on May 25, 2010. He has further provided to the Court a copy of his Inmate Account Statements for the months of May and June, 2010. These documents reflect a withdrawal from petitioner's inmate account on May 25, 2010, in the amount of $1.22, for "PSPOSTAGE".

The petitioner's assertion is not supported by the record. In the first place, he has not

attested to the truth of his assertion, under penalty of perjury, as directed by the Court in its Order of August 16, 2010.  Further, his assertion that he mailed his notice of appeal on May 25, 2010, is frankly not credible in light of the date which he placed on his correspondence addressed to the appellate court, wherein he enclosed the referenced notice of appeal, which date is explicitly stated to be June 16, 2010.  The Court further notes that the envelope in which his correspondence and notice of appeal were sent bears a postage stamp indicating a mailing date of June 28, 2010, which is 12 days after the date on the referenced correspondence and 34 days after the date upon which he asserts to this Court that he mailed the notice of appeal.  Although the petitioner points to a notation in his Account Statement which reflects a withdrawal for postage on May 25, 2010, in the amount of $1.22, there is no indication that this was for legal postage (as IS indicated relative to a prior withdrawal on May 11, 2010, for "LPLEGAL POSTAGE"), and the amount withdrawn bears no relationship to the amount actually expended for the mailing of the notice of appeal, which as indicated on the envelope forwarding the notice of appeal, was $6.36.  Accordingly, the Court concludes that the petitioner has not adequately supported his contention that he placed his notice of appeal into the prison's internal mail system on or before June 16, 2010.

## RECOMMENDATION

It is recommended that the Court certify to the United States Court of Appeals for the Fifth Circuit that the petitioner has failed to show that he placed his notice of appeal into the prison's internal mail system on or before June 16, 2010.

Signed in Baton Rouge, Louisiana, on August 31, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**